THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. State Bar No. 186783)
Assistant United States Attorney
SHAWN J. NELSON (Cal. State Bar No. 185149)
Special Assistant United States Attorney
Violent and Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8603/5339
    Facsimile: (213) 894-3713
    E-mail:  John.Lulejian@usdoj.gov
             Shawn.Nelson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 07-1048-VBF |
|                 Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>JAMES LANZO TURNER IV</u> |
|         v. | ) |
| JAMES LANZO TURNER IV, et al., | ) |
|                 Defendants. | ) |

    1.  This constitutes the binding plea agreement between JAMES LANZO TURNER IV ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

## PLEA

2. Defendant agrees to plead guilty to Count One of the indictment in <u>United States v. James Lanzo Turner IV, et al.</u>, CR No. 07-1048-VBF.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of Count One, which charges a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)(i), the following must be true:

(1) within the dates specified in the indictment, there was an agreement between two or more persons to possess with intent to distribute and distribute at least 100 grams of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); and

(2) defendant became a member of the conspiracy knowing of at least one of its objects, to wit, the distribution of heroin, and intending to help accomplish it.

Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the indictment.

4. Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that the conspiracy involved the possession with intent to distribute or distribution of at least 100 grams of a mixture or substance containing a detectable amount of heroin. Defendant admits that defendant, in fact, conspired to distribute at least 100 grams of

a mixture or substance containing a detectable amount of heroin, as described in Count One of the indictment.

PENALTIES

5. The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)(i), as described in Count One, is 40 years imprisonment, a lifetime period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest, and a mandatory special assessment of $100.00.

6. The statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)(i), as described in Count One, is 5 years imprisonment, followed by at least 4 years supervised release.

7. Under Title 21 United States Code, Section 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

8. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

10. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about January 28, 2006, and continuing until February 5, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant, David Cole, Jr., Charles Leroy Twyman, Lashawn Andrea Lynch, Mike LNU, and other persons entered into an agreement to possess with intent to

4

distribute and distribute heroin. In furtherance of this conspiracy, defendant and Charles Leroy Twyman arranged for Mike LNU to provide approximately 239 grams of heroin to Cole, who would in turn provide the drug to Lynch. Defendant instructed Charles Leroy Twyman to obtain an airplane ticket for Lynch in Los Angeles County, for travel from Los Angeles to Memphis, Tennessee, where defendant lived. Defendant also instructed Charles Leroy Twyman to give Lynch $100 and some cocaine (2.58 grams) to calm her nerves.

Cole obtained the approximately 239 grams of heroin and on or about February 3, 2006, at defendant's request, Cole gave approximately 239 grams of heroin to Lynch. However, before Lynch could deliver the heroin to defendant, she was arrested at Los Angeles International Airport.

Following Lynch's arrest and the seizure of the 239 grams of heroin, defendant told Charles Leroy Twyman on the telephone that Charles Leroy Twyman needed to get Lynch out of jail. Defendant also related that he was trying to get money together to give to his heroin supplier.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty,

1  he retains the right to be represented by counsel -- and, if
2  necessary, to have the court appoint counsel if defendant cannot
3  afford counsel -- at every other stage of the proceeding.)
4              d) The right to be presumed innocent and to have the
5  burden of proof placed on the government to prove defendant
6  guilty beyond a reasonable doubt.
7              e) The right to confront and cross-examine witnesses
8  against defendant.
9              f) The right, if defendant wished, to testify on
10 defendant's own behalf and present evidence in opposition to the
11 charges, including the right to call witnesses and to subpoena
12 those witnesses to testify.
13             g) The right not to be compelled to testify, and, if
14 defendant chose not to testify or present evidence, to have that
15 choice not be used against defendant.
16       By pleading guilty, defendant also gives up any and all
17 rights to pursue any affirmative defenses, Fourth Amendment or
18 Fifth Amendment claims, and other pretrial motions that have been
19 filed or could be filed.

20                        SENTENCING FACTORS
21       13.  Defendant and the USAO agree that an appropriate
22 disposition of this case is that the court impose a sentence of
23 84 months imprisonment; 4 years supervised release (with
24 conditions to be fixed by the Court; no fine; $ 100 special
25 assessment; and no restitution.  The parties also agree that no
26 prior imprisonment (other than credits that the Bureau of Prisons
27 may allow under 18 U.S.C. § 3585(b)) may be credited against this
28 stipulated sentence, including credit under Sentencing Guideline

5G1.3.

14. The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

15. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

## DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

7

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c. Except for criminal tax violations (including conspiracy to commit such violations chargeable under Title 18, United States Code, Section 371), not to further prosecute defendant for violations of drug-trafficking arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 11 above. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing

the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

        d.   To not file an enhancement pursuant to Title 21, United States Code, Section 851.

        e.   To recommend that Court impose a sentence of 84 months.

## BREACH OF AGREEMENT

18. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

19. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or

action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution [or action], except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

20. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified in paragraph 5 above and is constitutional. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318 and 01-05 of this Court; the drug testing conditions mandated by Title 18, United States Code, Sections 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by Title 18, United States Code, Section 3563(b)(7).

21. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum

established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

24. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____    10/27/08
JOHN J. LULEJIAN              Date
Assistant United States Attorney
SHAWN J. NELSON
Special Assistant United States Attorney

12

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____  10-27-08
JAMES LANZO TURNER IV            Date
Defendant

I am James Lanzo Turner, IV's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____  10-27-08
CORNELL J. PRICE                 Date
Counsel for Defendant
JAMES LANZO TURNER IV